**Charles Edwin STAHL, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14071.**

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1967.

Rehearing Denied Oct. 18, 1967.

Robert H. Neptune, Bartlesville, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in Error, Charles Edwin Stahl, hereinafter referred to as defendant, was charged in the County Court of Washington County with the crime of Assault and Battery Upon a Police Officer. He was tried by a jury, found guilty, and his punishment assessed at three months in the county jail, and to pay a fine of $500.00. From that judgment and sentence he has appealed to this Court.

From the record, it appears that the defendant was attempting to enter a dance in Bartlesville, where the complaining witness, Officer Donald Brisbin, was working. He was obviously quite drunk, and the officer attempted to take him home. When he placed defendant in a police car, another officer conversed with Officer Brisbin and there was some discussion about taking the defendant to the police station, and calling his folks. And, also, a state-

ment made that if they took him to the station, they would just book him for public drunk. At any rate, the defendant jumped from the police car, shoved Officer Brisbin, and attempted to flee. There was a scuffle in which other officers came up to help Officer Brisbin. There was testimony and evidence introduced that the defendant also bit the officer severely.

It is this particular bit of evidence and testimony of which defendant complains in his first assignment of error. He alleges that since the information charged:

"* * * that the said defendant, Edwin Charles Stahl, in the County and State aforesaid, then and there being, did, then and there, knowingly, wilfully, wrongfully and unlawfully and without justifiable or excusable cause, commit an assault and battery upon one Donald Brisbin, a police officer, *by striking the said Donald Brisbin with his fists,* * * *."

Defendant alleges that there was evidence *only* of an assault *by biting* the officer, and that since the information states "striking with his fists", that this is a material variance.

This Court has carefully read this record, and find more evidence and testimony than defense counsel alleges. The police officer testified at pg. 32 of the casemade:

"* * * and in the encounter, *I got a blow in the stomach,* it was on my belt buckle, a slight one, and we were struggling there * * *."

At pg. 64 of the casemade, Eddie Watkins stated:

"* * * and about that time Eddie kind of jumped out of the car and *shoved Mr. Brisbin back* and then Mr. Brisbin just caught him around the neck and held him there, and about that time *Eddie's arms and legs were swinging,* * * *."

At pg. 70 of the casemade:

"—*When he shoved Mr. Brisbin back* and I guess what you'd say tried to make a run for it, * * *"

And, at pgs. 71 and 72:

"Q. Did you see the defendant hit Officer Brisbin?

A. No, sir.

Q. In the stomach, in the scuffle, did you see him hit him, try to hit him?

A. Well, when he got out of the car *he shoved him.*

Q. Before Mr. Brisbin grabbed him around the—.

A. Well, when he got out of the car, *he shoved him back with his hands and hit him in the stomach,* * * *."

The witness then denied that he said defendant hit Brisbin in the stomach, although the record clearly shows that he did. However, he goes on to say and to indicate how defendant did shove the officer at pg. 72 of the casemade.

On pg. 88 of the casemade, the defendant, having readily admitted having too much to drink, stated:

"* * * and starting to take off running, and somebody grabbing ahold of me, and I guess that's when I bit Mr. Brisbin. But—*And I guess I could have been swinging my arms and legs, too.*"

Defendant is correct in stating that there was evidence of an assault by biting, but is incorrect in stating that there was no evidence of the defendant striking the defendant, or, of an assault and battery with the fists.

Title 21, O.S.A. § 649 (1965) the section under which the defendant is charged, reads:

"Every person who, without justifiable or excusable cause, knowingly commits any assault, battery, or assault and battery upon the person of a police officer or other officer of the law while in the performance of his duties as a police officer is punishable by imprisonment in the county jail not exceeding six (6) months, or by a fine not exceeding Five Hundred Dollars ($500.00), or by both such fine and imprisonment."

**358**

Since there is sufficient evidence in the record to establish that the officer was shoved, pushed, and struck by the defendant, this Court will deem it sufficient to substantiate the verdict; and find that there is no material variance in the information and the proof.

■ Defendant's second allegation is that the fine and sentence is excessive. Defendant received a fine of $500.00 and three months in jail. This is not the maximum sentence that could have been imposed; and under the record here presented, this Court cannot, in good conscience, say that the jury was prejudiced in any way toward the defendant. Therefore, this Court is of the opinion that the judgment and sentence of the County Court of Washington County should be, and the same is, hereby affirmed.

BUSSEY and BRETT, JJ., concur.